IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEWELERS MUTUAL INSURANCE
COMPANY,

    Plaintiff,

      v.

MANGALAM, LLC,

    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-2493-TWT

## OPINION AND ORDER

This is a declaratory judgment  action regarding a dispute over coverage limitations in an insurance policy.  It is before the Court on the Plaintiff's Motion Exclude Opinion Testimony of Defendant Mangalam, LLC's Expert Witness David Stegall [Doc. 17].

### I. Background

The Defendant Mangalam, LLC is in the business of, *inter alia*, selling jewelry on exhibition trips throughout the United States.[1] The Defendant is operated primarily by its Principal Vinod Desai, as well as one or two employees.[2] The Plaintiff Jewelers

---

[1]    Pl.'s Statement of Facts ¶ 4.

[2]    <u>Id.</u>

Mutual Insurance Company issued an insurance policy (the "Policy") to the Defendant[3] which provided coverage for losses that occurred on the Defendant's premises and, subject to limitations, losses that occurred outside of the Defendant's premises.[4]

This case arises out of an incident in which the Defendant lost a portion of its inventory. On October 24, 2013, Vinod Desai, Tarlika Desai (Vinod's wife and an employee of the Defendant), and Sunit Patel (an employee of the Defendant) traveled to Ohio for business.[5] On October 27, 2013, during their return trip, they were robbed at gunpoint in Lexington, Kentucky.[6] Afterwards, the Defendant gave the Plaintiff notice of the incident.[7] The Plaintiff then investigated the incident and began processing the Defendant's claim.[8]

On March 3, 2014, the Defendant submitted a sworn statement setting forth the damages it was claiming as a result of the theft.[9] In particular, the Defendant claimed

---

[3]     Id. ¶ 1.

[4]     Id. ¶ 2.

[5]     Id. ¶ 6.

[6]     Id. ¶ 7.

[7]     Id. ¶ 10.

[8]     Id. ¶ 11.

[9]     Id. ¶ 12.

that the lost property was worth roughly $790,000.[10] The Plaintiff, however, informed the Defendant that, under the Policy, the Defendant was entitled to only $200,000.[11] Consequently, the Plaintiff issued payment to the Defendant for that amount.[12] On July 17, 2014, the Defendant's attorney sent a letter to the Plaintiff disputing the Defendant's assessment of the Policy terms and demanding an additional $300,000 – for a total of $500,000. The Plaintiff brought suit against the Defendant, seeking "a judicial declaration that coverage for the October 27, 2013 loss is limited to the $200,000 already paid."[13]

The Plaintiff is seeking a declaration concerning the Defendant's rights under the Policy. The declaration is intended to resolve a dispute between the parties arising out of the losses suffered by the Defendant during the October 27, 2013 robbery. To be precise, the parties disagree on the interpretation of the Policy provision concerning losses that occur outside of the Defendant's premises. This provision states, in relevant part:

---

[10]     Pl.'s Mot. for Summ. J., Ex. 6.

[11]     Pl.'s Statement of Facts ¶ 14.

[12]     Id.

[13]     Compl. ¶ 29.

d. Property in the custody of you, your
employee, a commissioned
salesperson, or a person you hire for a
short time when traveling off the
described premises:

[**Subsection 1**] The most we will pay          $200,000
for any one loss involving an
individual is . . .
a) You, your employees, or a person
you hire for a short time who carry
property valued at more than $25,000:

**Name, City, State, ZIP**

Mitesh Thakkar
Duluth, GA 30096
**And/Or**
Narendrabhai R. Patel
Lilburn, GA 30047
**And/Or**
Vinod Desai

. . . [**Subsection 2**] The most we will          $500,000
pay for any one loss involving two or
more individuals traveling together is
the lesser of the sum of their limits or

The Plaintiff believes that under subsection 1(a), coverage does not extend to *all*

"employees" or "person[s] . . . hire[d] for a short time" who carry "property valued

at more than $25,000," but only to the three individuals specifically listed: Thakkar,

Patel, and Desai. Thus, according to the Defendant, since Desai was the only listed

individual who was on the business trip when the robbery occurred, the Defendant's

recovery is capped at $200,000. Conversely, the Defendant argues that subsection 1(a) broadly provides coverage – up to $200,000 per person – for "[the Defendant's] employees, or a person [the Defendant] hire[s] for a short time who carry property valued at more than $25,000." According to the Defendant, certain names were listed under the broad language of subsection 1(a) merely to provide examples of who would be covered. The list was not meant to be exhaustive. Thus, the Defendant claims that Desai, Tarlika (an employee of the Defendant), and Sunit (also an employee of the Defendant) are *all* covered under subsection 1(a). Although this would amount to $600,000 of total coverage, subsection 2 limits the Plaintiff's liability to $500,000 for losses "involving two or more individuals traveling together." Consequently, the Defendant claims that it is entitled to $500,000 under the Policy.

## II. Discussion

Mangalam has designated David Stegall to express an opinion regarding, among other things, his interpretation of the Jewelers Mutual insurance policy for off-premises coverage.  The Plaintiff contends that Mangalam essentially identified Stegall to come to court and testify to all of the arguments Mangalam's counsel intends to make about how to interpret the insurance contract. According to the Plaintiff, Mangalam's proposed expert testimony will not assist the finder of fact to understand a fact in issue and will not assist with its understanding of any evidence.

And Stegall's testimony certainly will not enhance the Court's ability to read and understand the insurance contract. Additionally, Stegall's proposed testimony is not the product of reliable principles and methods, and he has not applied the principles and methods reliably to the facts of this case.

The trial court's role in evaluating expert testimony is intended to "insure that speculative and unreliable opinions do not reach the jury."[14] "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments."[14] Under Georgia law, construction of an insurance policy, including determination and resolution of ambiguities, is a matter of law for decision by the court.[15] "The construction of unambiguous contract terms is strictly a judicial function; the opinions of percipient or expert witnesses regarding the meaning(s) of contractual provisions are irrelevant and hence inadmissible."[16] Where an expert's opinion states a legal opinion on the meaning of contract terms, that opinion is not admissible under Rule 702. Stegall's

---

[14]     *McClain v. Metabolife International, Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005).

[14]     *United States  v. Frazier*, 387 F.3d 1244, 1262-63 (11th Cir. 2004).

[15]     *Racetrac Petroleum, Inc. v. Ace Am. Ins. Co.*, 841 F. Supp. 2d 1286, 1290 (N.D. Ga. 2011); O.C.G.A. § 13-2-1.

[16]     *Sheet Metal Workers Int'l Assoc. Local Union No. 24 v. Architectural MetalWorks, Inc.*, 259 F.3d 418, 424 n.4 (6th Cir. 2001).

opinions regarding the Jewelers Mutual insurance policy's off-premises coverage provisions, as stated in his report, concern matters of contract interpretation, which are questions of law for this Court. It is well-established in the Eleventh Circuit that the federal rules of evidence do not permit an expert to render legal conclusions.[17] The construction and interpretation of an insurance contract, including the resolution of ambiguities, are matters of law for the court and reliance upon an "expert" opinion is inappropriate.[18]

Furthermore, Stegall did not explain how his experience led to his conclusions, why his experience is a sufficient basis for his opinions, or how his experience is reliably applied to the facts of this case. His reliance upon only his experience as his methodology in formulating his opinions is not supported by any authority or precedent, and he does not explain how his experience led to his opinions and conclusions. Therefore, the testimony is inadmissible under Rule 702.

---

[17]    Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1112 n.8 (11th Cir. 2005).

[18]    Racetrac Petroleum, Inc. v. Ace Am. Ins. Co., 841 F. Supp. 2d 1286, 1290 (N.D. Ga. 2011) (quoting Giddens v. Equitable Life Assurance Soc'y of the U.S., 445 F.3d 1286, 1297 (11th Cir. 2006)); Club Assocs. v. Consolidated Capital Reality Investors (In re Club Assocs.), 951 F.2d 1223, 1230 (11th Cir. 1992).

## III. Conclusion

For these reasons, the Plaintiff's Motion Exclude Opinion Testimony of Defendant Mangalam, LLC's Expert Witness David Stegall [Doc. 17] is GRANTED.

SO ORDERED, this 10 day of February, 2016.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge